IN THE UNITED STATES BANKRUPTCY COURT FOR
SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT 6 DIVISIONAL OFFICE

RE:                                              *

**DONNA MICHELLE MILLS,**           *     CASE NO.: 19-51435-KMS
                                                 *
Debtor.                                      *

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**Capital One Auto Finance, a division of Capital One, N.A.,** (hereinafter "Capital One"), respectfully shows and represents unto this Court as follows:

1. On April 21st, 2011, Donna Mills (hereinafter "Debtor"), entered into a Retail Installment Contract (hereinafter "Contract") with Pat Peck Nissan (hereinafter "Dealership") granting a security interest in the following personal property:

**2011 Nissan Altima-4 Cyl. Sedan 4D S   Vin Number:1N4AL2AP2BN427338**

Contemporaneously with its execution, the contract was assigned to Capital One, a copy of said Contract is annexed hereto and made part hereof by reference.

2. The granted security interest in the above described personal property was duly perfected by the issuance of a Certificate of Title, copy of which is annexed hereto and made part hereof by reference.

3. Capital One is the holder and owner of the referenced Contract and Certificate of Title.

4. Debtor has defaulted in pre-petition payments to Capital One under the terms of the contract in the sum of $6,380.91.

5. Debtor has defaulted in post-petition payments under the terms of the aforementioned Contract in the sum of $945.32. Per the attached NADA Valuation, the Retail Value of the above mentioned personal property is $5,850.00 with the payoff of said contract being $9,554.60 as of November 26th, 2019.

6. Warren A. Cuntz, Jr. was appointed Trustee of the estate of said Debtor, has qualified and is now acting as such Trustee.

7. Capital One is not listed as a Secured Creditor on the Debtor's Chapter 13 Plan.

8. Capital One Auto Finance, a division of Capital One, N.A. expressly determines that there is no reason for delay and expressly directs that this Order be entered as a Final Order against the Debtor and Trustee and is therefore immediately effective to terminate the automatic stay and shall not be subject to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE, Capital One Auto Finance, a division of Capital One, N.A.,** respectfully moves the Court to enter an Order against the Debtor and Trustee terminating the automatic stay imposed by 11 U.S.C. 362 as regards the referenced personal property and allowing Movant to file a proof of claim for the Deficiency Balance, if any.

**William C. Poole, LLC**
**Attorneys For**
**Capital One Auto Finance,**
**a division of Capital One, N.A.**

BY: /s/ Wesley H. Blacksher
**WESLEY H. BLACKSHER BAR103026**
blacksherw@gmail.com
**For the Firm**
**917 Western America Circle**
**Suite 210**
**Mobile, AL 36609**
**(251) 344-5015**

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 2nd day of December, 2019, a copy of the foregoing document was served on the following:

Donna Michelle Mills
120 E. Sunnybrook Road
Carriere, MS 39426

Mary Schillesci McPherson
2448 Highway 53 South
Poplarville, MS 39470

Warren A. Cuntz T1, Jr.
P.O. Box 3749
Gulfport, MS 39505-3749

by ECF Filing or by mailing a copy of the same United States Mail, properly addressed and first class postage prepaid.

/S/ Wesley H. Blacksher
Wesley H. Blacksher /dsp

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

**Buyer Name and Address** (Including County and Zip Code)
DONNA MILLS
120 E SUNNYBROOK RD
CARRIERE, MS 39426 PEARL RIVER

**Creditor-Seller (Name and Address)**
PAT PECK NISSAN
9480 HWY 49 NORTH
GULFPORT, MS 39503

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Gross Vehicle Weight | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2011 | NISSAN ALTIMA 2.5 S | 1N4AL2AP2BN427338 | | ☒ personal, family or household |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 13.44 % | $ 8175.81 | $ 17394.99 | $ 25570.80 | $ 32820.80 |

Total downpayment of $ 7250.00

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 355.15 | Monthly beginning 06/05/2011 |

Late Charge: If a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late with a maximum charge of $ 5.00, unless the vehicle is a commercial vehicle. For a commercial vehicle, if payment is not received in full within 15 days after it is due, you will pay a late charge of 4% of the part of the payment that is late with a minimum charge of $ 5.00 and a maximum charge of $ 50.00.

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ 1065.48 sales tax) ... $ 21985.48 (1)
2. Total Downpayment =
   - Trade-in N/A (Year) (Make) (Model)
   - Gross Trade-In Allowance $ N/A
   - Less Pay Off Made By Seller $ N/A
   - Equals Net Trade In $ N/A
   - + Cash $ 6000.00
   - + Other REBATE $ 1250.00
   - (If total downpayment is negative, enter "0" and see 4J below) $ 7250.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) $ 14735.48 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   - A Cost of Optional Credit Insurance Paid to Insurance Company or Companies
     - Life $ N/A
     - Disability $ N/A ... $ N/A
   - B Vendor's Single Interest Insurance Paid to Insurance Company $ N/A
   - C Other Optional Insurance Paid to Insurance Company or Companies $ N/A
   - D Optional Gap Contract $ N/A
   - E Official Fees Paid to Government Agencies
     - DEALERSHIP for STATE INSPECTION $ 5.00
     - N/A for N/A $ N/A
     - N/A for N/A $ N/A
   - F Government Taxes Not Included in Cash Price $ N/A
   - G Government License and/or Registration Fees N/A $ N/A
   - H Government Certificate of Title Fees $ 10.00
   - I Document/Service Fee $ 389.51
   
   A DOCUMENT/SERVICE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW. HOWEVER, IT MAY BE CHARGED TO A BUYER/LESSEE FOR THE HANDLING OF DOCUMENTS AND THE PERFORMING OF SERVICES RELATED TO THE SALE OR LEASE AND MAY INCLUDE DEALER PROFIT. THIS NOTICE IS REQUIRED BY REGULATION OF THE MISSISSIPPI MOTOR VEHICLE COMMISSION.
   
   - J Other Charges (Seller must identify who is paid and describe purpose)
     - N/A for Prior Credit or Lease Balance $ N/A
     - NISSAN SECURITY PLUS for SERVICE CONTRACT $ 2255.00
     - N/A for N/A $ N/A
     - N/A for N/A $ N/A
     - N/A for N/A $ N/A
     - N/A to N/A $ N/A
   
   Total Other Charges and Amounts Paid to Others on Your Behalf $ 2659.51 (4)
5. Amount Financed - Principal Balance (3 + 4) $ 17394.99 (5)
6. Finance Charge $ 8175.81 (6)
7. Total of Payments - Time Balance (5 + 6) $ 25570.80 (7)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A, Year ____. SELLER'S INITIALS ____

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X _____

### Insurance
You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

Check the insurance you want and sign below:
**Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability (Buyer Only)

Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name N/A
Home Office Address N/A

X _____ Buyer Signature / Date
X _____ Co-Buyer Signature / Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI Insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

Returned Check Charge: If you try to pay any portion of an amount you owe with a check that is dishonored, we may make a separate demand that you pay a service charge of $ 40.

## NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements. Any dispute resolution agreement you sign with us or an assignee of this contract will apply to claims related to this contract.

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract you sign.

You agree to the terms of this contract and any dispute resolution agreement you signed with this contract. You confirm that before you signed this contract and any dispute resolution agreement, we gave them to you, and you were free to take them and review them. You acknowledge that you have read both sides of this contract, including the arbitration clause on the reverse side, before signing below. You confirm that you received a completely filled-in copy of these documents when you signed them.

Buyer Signs X _____ Date 04/21/11  Co-Buyer Signs X _____ Date _____

Other owner signs here X N/A  Address N/A
Seller PAT PECK NISSAN  Date 04/2 by X _____ Title P.E.

Seller assigns its interest in this contract to CAPITAL ONE AUTO FINANCE (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse   ☒ Assigned without recourse   ☐ Assigned with limited recourse
Seller PAT PECK NISSAN  By _____  Title P.E.

ORIGINAL LIENHOLDER

**OTHER IMPORTANT AGREEMENTS**

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      • The vehicle and all parts or goods put on it;
      • All money or goods received (proceeds) for the vehicle;
      • All insurance, maintenance, service, or other contracts we finance for you; and
      • All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law allows.
      If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

   If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to your right to redeem the vehicle described below. Default means:
      • You do not pay any payment on time;
      • You give false, incomplete, or misleading information on a credit application;
      • You start a proceeding in bankruptcy or one is started against you or your property; or
      • You break any agreements in this contract.
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's fee and court costs as the law allows. The attorney's fee will not exceed 15% of the amount you owe.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem) by paying all payments that are past due when you redeem, any late charges, and any expenses we incurred related to retaking the vehicle, holding it, and preparing it for sale. After you redeem, you must make the remaining payments under this contract. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

5. **Applicable Law**
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

**ARBITRATION CLAUSE**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.




December 27, 2016

Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-227-3863

# ACCOUNT MODIFICATION TERMS & AGREEMENT

DONNA MILLS
120 E SUNNYBROOK RD
CARRIERE, MS 39426-7811

Account Number: ████████
Vehicle: 11 NISSAN ALTIMA
VIN: 1N4AL2AP2BN427338

This Account Modification Terms & Agreement (the "Agreement") amends and supplements the Credit Sale Agreement entered into on 04/21/2011 (the "Contract") for the purchase of the vehicle referenced above (the "Vehicle") by and between DONNA MILLS (called "you" and "your" in this Agreement) and Capital One Auto Finance (called "we" or "us" in this Agreement), the current servicer of the Contract.

At your request, we have agreed to modify the terms of your account with us as follows, which you accept by signing below. This modification will be made effective on your account for 12/27/2016, and your first payment under the modified terms of your account will be due on 01/20/2017.

|  | Original Terms | Modified Terms |
| --- | --- | --- |
| Monthly Payment Amount | $295.41 | $236.33 |
| Payment Due Day | 20th | 20th |
| Annual Percentage Rate (APR) | 13.44% | 9.44% |
| Account Term | 72 months | 39 months |

By signing below, you acknowledge that your outstanding account balance as of December 27, 2016 is as follows and agree to pay this balance in full plus the additional interest that will accrue on your account and any fees that are assessed to your account, less the waived amount(s) noted below.

|  | Principal | Accrued Unpaid Interest | Unpaid Late Fees | Unpaid Other Fees | Total |
| --- | --- | --- | --- | --- | --- |
| Account Balance as of 12/27/2016 | $7,923.15 | $26.22 | $140.00 | $365.00 | $8,454.37 |
| (Amounts Waived)* | $0.00 | ($26.19) | ($0.00) | ($0.00) | ($26.19) |
| Remaining Balance After Modification | $7,923.15 | $0.03 | $140.00 | $365.00 | $8,428.18 |

*$26.19 will be waived as part of your account modification.

Initial: _/s/ Donna M Mills_
DONNA MILLS

(continued on next page)

Capital One Auto Finance is a division of Capital One, National Association, and services the following Capital One affiliated company: Onyx Acceptance Corporation.

HDSH Agreement Exception_████

Page 2 of 6




December 27, 2016

Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-227-3863

# ACCOUNT MODIFICATION TERMS & AGREEMENT

By signing below, you also understand and agree to the following:

- Except as expressly modified in this Agreement, the Contract contains the entire agreement between you and us, and you hereby ratify and confirm all of the terms of the Contract not modified by this Agreement, which remain in full force and effect.
- We may resume collection activity, including possible repossession of your vehicle, if your account becomes delinquent.
- If your account term was extended, you may pay more interest over the life of your account as a result of this modification.
- Interest accrues on your account daily. We estimated the amount of interest that will accrue over the remaining term of your account after this modification and used that amount in determining your new monthly payment amount. However, the total amount you will actually pay over the remaining term of your account will depend on the amount and timing of your payments.
- Any unpaid late fees and unpaid other fees that are not explicitly waived as noted above are still due and payable. Unpaid late fees and unpaid other fees are not included in determining your monthly payment amount but must be paid by the end of your account term.
- This Agreement does not extend any third party payment insurance coverage or any insurance or debt cancellation products included in the purchase price of the Vehicle. You are responsible for extending the insurance coverage to your new account maturity date and notifying us of the change.

Signed & Accepted By: _[signature]_  Date: 12-31-2016
DONNA MILLS

Signed & Accepted By: _[signature]_  Date: December 27, 2016
Subbu Rajasimhan
Capital One Auto Finance

---

Capital One Auto Finance is a division of Capital One, National Association, and services the following Capital One affiliated company: Onyx Acceptance Corporation.

HDSH Agreement Exception

Page 3 of 6

# CERTIFICATE OF TITLE

**STATE OF MISSISSIPPI**     **ORIGINAL**

Form

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER |
|---|---|---|---|---|---|
| 1N4AL2AP2BN427338 | NISS | 2011 | ALT | 4D | F864333-01 |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL. | NEW / USED | TYPE OF VEHICLE | PASS. OR GVW |
|---|---|---|---|---|---|
| 06022011 | 04212011 | 04 | X | PASS | 000 |

ODOMETER - TENTHS NOT INCLUDED

000026

ACTUAL MILEAGE

**OWNER**

MILLS DONNA
120 E SUNNYBROOK RD
CARRIERE     MS 39426

**1ST LIENHOLDER (OR OWNER IF NO LIEN)**

CAPITAL ONE AUTO FINANCE
P O BOX 255605
SACRAMENTO     CA 95865

DATE:
MONTH | DAY | YEAR
04/21/2011

**2ND LIENHOLDER**

DATE:
MONTH | DAY | YEAR

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF

1ST LIEN _____ BY _____
              (LIENHOLDER)               (SIGNATURE AND TITLE)

THIS _____ DAY OF _____ 20 _____

2ND LIEN _____ BY _____
             (LIENHOLDER)              (SIGNATURE AND TITLE)

THIS _____ DAY OF _____ 20 _____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE **02** DAY OF **JUNE** 20 **11**

CONTROL NUMBER

STATE TAX COMMISSION

The Mississippi State Tax Commission hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the State Tax Commission. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

**VOID IF ALTERED**

# N.A.D.A. Official Used Car Guide
# Vehicle Valuation

Print Date: November 26, 2019

---

Customer:      Mills, Donna

File No.:      COAF-1263609

Vehicle Description:   2011 NISSAN ALTIMA-4 CYL. Sedan 4D S

VIN:                   1N4AL2AP2BN427338

### Base Values

Retail: $   5850.00              Wholesale/Trade-in: $   3875.00

### Optional Equipment/Adjustments

Estimated Miles    112500       $    0.00

### Total Adjusted N.A.D.A. Used Car Guide Values

Retail: $   5850.00              Retail/Wholesale Average: $   4862.50

Reference   11/2019 Southeastern